UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER VASSER,

    Plaintiff,

v.                                                 Case No. 3:19cv4966-MCR-HTC

CAPTAIN B STEARNS,
SHERIFF B JOHNSON,
DEPUTY S FORSTER,
LIEUTENANT D TAYLOR,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Vasser, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case by filing a complaint under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the Court discovered that Vasser had not disclosed a prior case that dealt with the fact or manner of Vasser's confinement at Santa Rosa County Jail and ordered him to show cause why his case should not be recommended for dismissal for his lack of candor. ECF Doc. 4.

Plaintiff responded, ECF Doc. 6, noting that English was not his native language and that he had misunderstood the question. Giving Plaintiff the benefit of the doubt, and in light of the Eleventh Circuit's "strong policy of determining cases on their merits", *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)), the Court discharged the show cause order. Additionally, the Court reviewed the complaint on the merits and determined that it suffered from various deficiencies.

Specifically, Plaintiff was directed that he is not entitled to recover monetary damages absent a more than *de minimis* physical injury; that Plaintiff has failed to allege facts sufficient to show that his First Amendment rights have been violated; that Plaintiff has no right to a certain type or level of investigation into his grievances; and that the Court cannot direct the termination of corrections employees. Because Plaintiff was proceeding *pro se,* the Court gave the Plaintiff an opportunity to file an amended complaint by February 12, 2020. ECF Doc. 7.

Plaintiff did not file an amended complaint or move for an extension of time to do so. Therefore, the Court issued a second show cause order on February 25, 2020, requiring Vasser to respond by March 10, 2020. ECF Doc. 8. To date, no response has been received to the show cause order, and Plaintiff has not filed an amended complaint.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) for Plaintiff's failure to prosecute and to comply with orders of the Court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of March, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.